ALONZO V. LYNDE *vs.* NEWARK FIRE INSURANCE COMPANY.

Middlesex.    Nov. 14. — Feb. 27, 1885.    FIELD, DEVENS, & COLBURN, JJ., absent.

A policy of insurance against loss by fire, issued to G., provided that " this policy is not assignable for purposes of collateral security; but for such purpose it is to be made payable in case of loss, etc., by indorsement on its face. In cases of actual sale and transfer of title, leave having been previously obtained, the form subjoined may be used, which must be executed at the time of said transfer." Then followed an assent, signed by an agent of the company, " that the interest of G. in the within policy . . . . be assigned to A." This was in turn followed by an assignment by G. of " all [G.'s] title and interest in this policy,

and all advantages to be derived therefrom" to A. The assignment in fact was made as collateral security for a debt, which was also secured by a mortgage of the insured property executed a few days after the policy was assigned. The agent who signed the assent had no authority to assent to an assignment by way of collateral security, and neither knew that this was such an assignment, nor gave A. any reason to suppose that he knew it. *Held,* that A. could not maintain an action upon the policy.

CONTRACT upon a policy of insurance against loss by fire. Trial in the Superior Court, without a jury, before *Rockwell*, J., who found for the plaintiff; and reported the case for the determination of this court. The facts appear in the opinion.

*J. H. Benton, Jr.*, for the defendant.

*W. P. Harding*, for the plaintiff.

HOLMES, J. The plaintiff sues as assignee of a policy which was issued to one Gould. It is necessary, therefore, for him to show the assent of the defendant in order to give himself a *locus standi* in a court of law. The assignment was in form, and was understood by the company and its agents to be in fact, an absolute transfer of "all [Gould's] title and interest in this policy, and all advantage to be derived therefrom." But in fact it was made as collateral security for a debt which was also secured by a mortgage of the insured property executed a few days after the policy was assigned.

The transfer was made by filling out a printed form on the back of the policy, which is preceded by a printed assent signed by an agent of the company "that the interest of [A. M. Gould] in the within policy . . . . be assigned to" the plaintiff; this form of assent again being immediately preceded by the following words: "This policy is not assignable for purposes of collateral security; but for such purpose it is to be made payable in case of loss, etc., by indorsement on its face. In cases of actual sale and transfer of title, leave having been previously obtained, the form subjoined may be used, which must be executed at the time of said transfer." These words are not confined to the case of an assignment of the policy alone, but apply equally where the property insured is also mortgaged at the same time, if this is to be regarded as substantially such a transaction; and nothing can make it plainer than do the words themselves, coupled with the forms of the assent and of the transfer following, that the assent which purports to be given only applies to

an absolute assignment, and is conditioned upon the existence of one. Furthermore, as it is found that the agent who signed the assent had no authority to assent to an assignment by way of collateral security, and neither knew that this was such an assignment, nor gave the plaintiff any reason to suppose that he knew it, it is a little hard to see on what principle the company is to be bound. *New trial ordered.*