GEORGE S. MERRILL *vs.* COLONIAL MUTUAL FIRE
INSURANCE COMPANY.

IN RE PETITION OF PETER H. CORR.

Suffolk.    March 22, 1897. — June 15, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Assignment of Policy of Fire Insurance as Collateral Security — Insurable
Interest — Estoppel.*

A policy having been issued by a fire insurance company to A., insuring him in a certain sum against loss or damage by fire upon the property described therein, an assignment thereof was made by A. to B., which on the same day was assented to by the company through its secretary. Two days thereafter the property was destroyed by fire. At all times A. was the owner of the property, and B. held the policy under the assignment only as collateral security for a sum of money larger than the amount of the insurance. Both the company and its secretary believed that the assignment was an absolute one, and were not aware until after the loss of the relation between A. and B. Proof of loss was made by A. for the benefit of B. There was no by-law of the company relating to the assignment of a policy for collateral security. *Held,* on a petition to establish the claim, which had been disallowed by the receiver of the company, that the assignment was to be construed according to the intention of A. and B.; that it left A. the insured; that the fact that B. did not have an insurable interest was immaterial, and that neither he nor A. was estopped from relying upon the company's assent to prevent the avoidance of the policy by the assignment.

PETITION IN EQUITY, filed January 14, 1897, to establish a claim on an insurance policy in the defendant company, which was disallowed by W. O. Underwood, the receiver. Hearing before *Barker,* J., who reserved the case, on the petition and an agreed statement of facts, for the determination of the full court. The facts appear in the opinion.

The case was argued at the bar in March, 1897, and afterwards was submitted on briefs to all the justices.

*J. W. Corcoran & W. B. Sullivan,* for the petitioner.

*W. O. Underwood,* receiver, *pro se.*

BARKER, J.    This petition, brought to establish a claim disallowed by the receiver, was reserved for the full court upon an agreed statement of facts, from which it appears that the claim

is for a fire loss, of which due proof was made by the assured in behalf of the petitioner, and that the amount to be recovered, if he can recover either in his own name or in that of the assured, has been adjusted by himself and the receiver, without prejudice, in the sum of eleven hundred dollars.

As the proceedings are in equity, and the questions are raised upon an agreed statement of facts, the claim will be established in favor of the petitioner, who has the beneficial interest in it, if the defendant is liable to any one for the loss.

The policy was issued, October 1, 1895, to Frederick Barlow, the owner of the property insured. The policy contained a condition that it should be void if assigned without the consent in writing or in print of the company. On November 12, 1895, Barlow filled out and signed a blank printed on the back of the policy, which was then delivered to the company for its consent, and whose secretary then filled out and signed another blank, also printed on the back of the policy, and returned it. These indorsements were of the following tenor :

" The Colonial Mutual Fire Insurance Company hereby consent that the interest of Frederick Barlow in the within policy, subject to all the terms and conditions therein mentioned and referred to, be assigned to Peter H. Corr.

" Nov. 12, 1895.            Isaac B. Wheelock, Secretary."

" For value received, I hereby transfer, assign, and set over unto Peter H. Corr and his assigns all my title and interest in this policy, and all advantages to be derived therefrom.

" Witness my hand and seal this twelfth day of November, 1895. Sealed and delivered in the presence of James McNaught. Frederick Barlow.   [L. s.]"

Corr never had any interest, absolute or by way of lien, in the insured property. Barlow was his debtor to an amount much more than the amount of the sum written in the policy. As between Barlow and Corr it was intended by the instrument signed by Barlow to assign to Corr the right to receive whatever might become due to Barlow by reason of any loss suffered by him under the terms of the policy while the same was in force, and this as collateral security for whatever might be due to Corr from Barlow, and it was not intended to substitute Corr for Barlow as the assured. The secretary of the company

assented to the assignment in the ordinary course of business upon its being handed to him by a broker, filled out, and with the request to him to assent on behalf of the company. The form filled by Barlow was the usual and customary form of assignment, printed upon all of the policies of the company, and it is the form which is commonly and usually used by the company for the purpose of transferring absolutely the rights of the original assured in the policy to the, assignee, and constituting the assignee, after the assent of the company, the assured. Neither the secretary nor the company had knowledge of the relation between Corr and Barlow, or that Corr had no title in the property, or that he was a creditor of Barlow, or of Barlow's intention to assign the policy merely as collateral security. The company assented to the assignment believing it to be an absolute assignment of the policy, and believing that thereafter Corr became a member of the company, and all notices since issued by it have been sent to Corr and not to Barlow. The broker who presented the assignment to the secretary with the request for the company's consent was not its own agent. He knew the relation between Corr and Barlow, the ownership of the property, and that the assignment was intended only as collateral security, and did not communicate the facts to the company. The fire occurred on November 14, 1895, and the property was then owned by Barlow, and not by Corr. A proof of the loss was duly made by Barlow for the benefit of Corr. There is no by-law of the company relating to the assignment of a policy for collateral security, and among the by-laws stated there is none relating to assignments of any kind or for any purpose. The company is mutual, with the power of assessing its members in accordance with the statutes.

The receiver does not contend that the policy became void under the condition that it should be so if assigned without consent of the company. There was such consent, however obtained, and it has never been withdrawn or disavowed by the company or the receiver, and it is reaffirmed in the contention which the receiver now makes, that by virtue of the assignment Corr and not Barlow is the assured. Only by the assent of the company could there be a novation which would substitute Corr for Barlow as the assured.

The receiver's contentions are, that the assignment constituted an absolute transfer of the policy to Corr, whereby he became the assured, and that he cannot recover, because while he is the assured he has not suffered any loss, nor has he put in any proof of loss as the assured, as is required by the policy; and that he cannot recover in the name of Barlow, because, although Barlow suffered the loss and made due proof, he was not after the assignment insured under the policy.

So far as the proof of loss is concerned, it would be enough to say that the agreed statement is that the proof of loss was duly made by Barlow for the benefit of Corr, and that if Barlow was the assured it was for him to make it, and if Corr was the assured, the company having accepted and acted upon it as made for his benefit, without objecting at the time that it was not made by him personally, it was sufficient.

But in the opinion of a majority of the court all the contentions of the receiver are unsound, because, though absolute in form, the assignment did not constitute an absolute transfer of the policy to Corr, but an assignment as collateral merely, to secure his debt by enabling him to receive whatever might become due to Barlow in case of a loss under the policy. Every conveyance may be shown by parol to be not an absolute transfer, but intended merely as collateral security, and here the facts are agreed. In this respect, aside from some stipulation in the policy or some by-law or regulation of the company, a conveyance of a policy of insurance is governed only by the rules which govern other conveyances. Policies of insurance against fire, like other choses in action, may be transferred either absolutely or as collateral security; and in the absence of any stipulation in the policy or any regulation of the insurer by which the assured or his assignee may be bound, if the original assured remains such, and does not terminate his own contract with the company, his assignee may collect any sum which may become payable by the insurer by process in the assignee's own name if the insurer has assented to the assignment, and otherwise in the name of the assured ; and the assignment, if it leaves the assignor still interested in the contract and in the loss, does not make the insurance void because the assignee has no insurable interest in the property.   See *Fogg* v. *Middlesex Ins. Co.* 10 Cush. 337 :

*Phillips* v. *Merrimack Ins. Co.* 10 Cush. 350; *Hale* v. *Mechanics' Ins. Co.* 6 Gray, 169.

Of course, if the assured parts with his whole interest in the contract by an absolute assignment of it to another, so that thereafter the indemnity which the policy promises cannot enure to his benefit, he cannot recover for a loss, and if in such a case his assignee has no insurable interest in the property the insurance would be void.     But the assignment in the present case being in fact not absolute, but merely as collateral security, Barlow did not part with his interest in the policy, or sever his relation to the company, but remained the real owner of the company's promise of indemnity in case of loss by fire.     He was still the assured, the loss was his loss, and the whole indemnity enures to his benefit, though payable to another to apply upon his debt. The legal effect of such a transfer is the same as a direction to pay to another in case of loss, and, in the absence of any prohibition in the policy or by-laws, either method may be properly taken to produce the result.     If Barlow remained the assured, he was to make the proof of loss, and the fact that Corr had no insurable interest in the property is no defence.

Nor can we assent to the contention that whether Corr became the assured must be determined from the instrument of transfer itself, and not from the uncommunicated intention of Corr and Barlow, nor from acts done by them without the knowledge of the company, so that the present assignment must be held an absolute one, and the intention of Corr and Barlow immaterial.

The indemnity which the company promised was hampered by no restriction that it should not be made payable to any other person, nor that the assured should not deal with his contract in any way sanctioned by the law, save only the condition that the policy should be void if assigned without the company's consent.     The condition deals with assignments generally.     Nothing requires that they shall be of one character, and not of another, and the only restriction imposed upon any assignment is that it shall be consented to.     Aside from this the assured could deal in any legal way with his contract and the advantages to be derived from it.

Nor can it be contended that the consent of the company

was given under such circumstances as to be void or inoperative in favor of the petitioner, as in *Lynde* v. *Newark Ins. Co.* 139 Mass. 57. Here there was no provision that the policy was not assignable for purposes of collateral security. The company has provided only one way of making an assignment, whether it is by way of collateral or to accompany a transfer of the property insured, and it has not given, either expressly or by implication, any notice that it was to be informed of the purpose or nature of such assignments as might be brought for its consent. No misrepresentation of the facts was made to it. It made no inquiry when its consent was asked. The form which it had provided and which was used was applicable to all circumstances, and there is nothing to show that any other form was provided or expected to be used in case the assignment was intended merely as collateral security. Under this state of things the assent is good for the assignment according to the intention of the assignor and assignee, so far as that intention is within the legal meaning of the words used by them when explained by competent oral evidence.

The company assented without inquiry, and under circumstances which did not require any disclosure, to an assignment of any kind that was valid and not inconsistent with the words used. If it assumed, as .it did, that the property had passed from Barlow to Corr, the assignment did not so state, and the fact that the same form was the one commonly used for transferring policies absolutely, and constituting the assignee the assured, did not under the circumstances avoid the consent or estop the petitioner from relying upon it. See *Mutual Life Ins. Co.* v. *Allen*, 138 Mass. 24, 28, 29; *Bergson* v. *Builders' Ins. Co.* 38 Cal. 541; *Bibend* v. *Liverpool & London Ins. Co.* 30 Cal. 78; *Firemen's Ins. Co.* v. *Barnsch*, 161 Ill. 629; *Griffey* v. *New York Central Ins. Co.* 100 N. Y. 417; *Stevens* v. *Queen's Ins. Co.* 32 N. B. 387; *McPhillips* v. *London Ins. Co.* 16 Can. L. T. 213; *Blackburn* v. *St. Paul Ins. Co.* 116 N. C. 821.

The claim is to be established in favor of the petitioner for the sum of eleven hundred dollars, the amount agreed upon between the receiver and the petitioner.

*So ordered.*