IMPERIAL INSURANCE CO., LTD., V. SALEM S. WOLF ET AL.

1. **FIRE INSURANCE—ASSIGNMENT—PAROL EVIDENCE MAY VARY.**

An assignment, absolute in form, of a policy of insurance against loss by fire, may be proved by parol evidence to have been given and accepted as collateral security for a debt due from the assignor to the assignee, though the fact that the assignment was intended as collateral security was not communicated to the insurer.

2. **ASSIGNMENT AS SECURITY VALID, WHEN.**

An assignment of a policy of fire insurance, absolute in form but intended as collateral security for a debt due from the assignor to the assignee, is valid, and does not avoid the policy, where such an assignment is not prohibited therein, and no misrepresentation of facts is made to the insurer, its assent being given without inquiry.

3. **ASSURED AND MORTGAGEE MAY JOIN IN SUIT.**

Where a policy of fire insurance contains a clause making loss, if any, payable to the mortgagee in case of fire, and assured afterwards, not observing such clause, transfers such policy to the mortgagee, by assignment absolute in form, but intended simply to indemnify the mortgagee in case of loss, the assured and the mortgagee may join in an action upon such policy.

HEARD ON ERROR.

*J. W. Mooney*, for plaintiff in error.

*Abernethy & Folsom*, and *Robert Swinehart*, for defendants in error.

RUSSELL, J.

The case of the Imperial Fire Insurance Company against Salem S. Wolf et al., is a petition in error filed in this court to reverse the judgment of the court below, because it is claimed the court erred in overruling the demurrer of the plaintiff in error to the petition of the defendants in error; that the court erred in overruling the motion of plaintiff for a new trial; that the court erred in the admission of evidence offered by the defendants in error against the objection of the plaintiff in error; that the court erred in ruling out evidence offered by the plaintiff in error, and that the court erred in rendering judgment for the defendants in error and against the plaintiff in error for the reason that said judgment is contrary to law, against the weight of the evidence, and is not supported by the evidence, and that said judgment was given for the defendants in error when it ought to have been given for plaintiff in error.

The action below was brought by Wolf and Orr, Brown & Price, against the Imperial Insurance Company to recover on a policy of insurance. The policy was issued on March 29, 1899, and covered the dwelling house and the furniture therein, and the contents of a drug store, and a barn and the contents of the barn, and was in the sum of $1,900.

It appears that at the time of the issuing of the policy there was a provision in it to cover a claim of Orr, Brown & Price as their mortgage interest might appear, subject to the condition of the policy.

There are a large number of facts set up in the answer; among them is one that at the time of the destruction of this property Wolf was not

the owner, and that Orr, Brown & Price were the owners, and that there never was any notice given by them; that Wolf made a false affidavit after the loss, and that he represented at the time the insurance was taken out, that there was only $800 of a mortgage on the property when there was $1,240, and then denies that he has complied with the conditions of the policy entitling him to recover.

The principal question presented to the court for consideration is:

That the court erred in the admission of parol testimony showing the conditions under which Wolf assigned the policy of insurance to Orr, Brown & Price. It is admitted by the defendant in error, Wolf, that he made an assignment on the policy which is as follows:

"Assignment of interest by insured." "The interest of Salem S. Wolf as owner of property covered by this policy is hereby assigned to Orr, Brown & Price, subject to the consent of the Imperial Insurance Company, Limited."

The consent in this case by the company to the assignment is as follows: "Consent of company to assignment of interest. The Imperial Insurance Company, Limited, hereby consents that the interest of S. S. Wolf, as owner of the property covered by this policy, be assigned to Orr, Brown & Price," and then the names of the agents are signed to the policy.

Now, it presents this one question: Whether or not, where a policy is assigned, parol testimony can be introduced to show whether it was an absolute assignment, or simply an assignment to secure the creditors of the assignor.

That is the question presented to this court, and there are a large number of authorities presented by the attorney for the plaintiff in error, from which it is claimed that when an assignment is made it is absolute, and that no evidence can be introduced to vary the assignment; and therefore, that in this case, Wolf can not bring this action because he has no interest in the policy and did not have at the time of the fire. If that was true, then he could not bring the action, because he was not a party in interest, and had no claim upon the property.

Let us see how the case stands. If this was an action between Wolf, and Orr, Brown & Price, is there any doubt but what Wolf could show that this was a conditional assignment? We think not. Can it be said, because the insurance company consented to the assignment that was made by Wolf, that therefore there can be no parol evidence introduced to show the conditions upon which the assignment was made?

It is not pretended here that there was any fraud; nor that Wolf made any misrepresentations to the company when it consented to have the assignment made, nor that he represented that he was making an absolute assignment. If that was the case, then he could not recover on the policy; but he did not make an absolute assignment. He had forgotten, as he states in his pleading, that they were mentioned in the original policy, and he desired to secure them, and therefore he was willing to assign over to them the policy, so that in the case of fire they would be secure, and he did it for that purpose, and that purpose only.

After the fire he alleges that the agent of the company, whose duty it was to adjust this loss, came to him and the losses were adjusted, and the agent stated the company would pay the amount of the loss. That is alleged in the petition. It is denied in the answer that the agent had any power to do anything of that kind, and it also alleges that it was

ignorant at the time, of the conditions of the assignment, and therefore the company could not be bound by any adjustment made.

I might say further that it is admitted that, Orr, Brown & Price never gave any notice to the company, so that they could not maintain this action; and it depends entirely upon whether or not, under these circumstances, anything can be recovered by Wolf against this insurance company.

Now what was this assignment? Why, it was simply a conditional assignment to secure Orr, Brown & Price, and the authorities cited by counsel for plaintiff in error are all of them in cases where the question arose upon absolute assignments, and not upon conditional assignments.

Now, can not Wolf engraft upon this assignment the conditions upon which it was made? We think he can, though it was absolute, as suggested, in form, and that he was not estopped as against the company by any representations he had made. I know counsel dwell strenuously upon the fact that all insurance is a personal contract with parties between whom it is entered into. That is true, but the company had entered into a contract with Wolf, and Wolf desired for purposes of his own to secure Orr, Brown & Price, and he therefore assigned the policy to them. My opinion is he could have assigned it over without notifying the company, and it would have been perfectly good as collateral security and would not have been in violation of any provision of the policy because the policy provides that an assignment of the property shal avoid the policy, and not an assignment of the policy.

Counsel relies on the case in Ellis v. Insurance Co., 32 Fed. Rep., 646, 649, decided by Justice Brewer, recognized as one of the ablest members our of Supreme Court of the United States.

The first proposition of the syllabus is:

"Where an assignment goes with an absolute sale of the property, there is the creation of a new contract."

There can be no question of that kind here. If Mr. Wolf, in the case at bar, had transferred the property and then had made an assignment, there is not any question that he could not recover. Why? Because he would have had no insurable interest, and would not have had anything remaining, nor would there by anything remaining here upon which to found an action in case of loss. But that is not the case at bar, and we might go on with the various authorities cited by counsel for the plaintiff in error, and all of them depend upon that one proposition, and that is, that there was an absolute transfer of the property, and then an assignment of the policy; that renders the policy void as to the insured when he transfers all his interest in the property; and when the company consents that the policy may be transferred, it makes a new contract of insurance, because the original assured is released entirely, and the company is not bound to him at all, and in order that there may be a continuance of the insurance, there must be a new contract.

There is a case in the Massachusetts reports which covers this case exactly, and we prefer to follow it because we think the reasoning is sound. The court of Massachusetts is of high respectability, and the decision is in accordance with our views of what the law ought to be in this case.

It is the case of Merril v. Colonial Mutual Fire Insurance Co., 169 Mass., 10, 47 N. E., 439, and it is admitted by counsel for plaintiff in error that this case covers the case at bar, but it is claimed that it is not good law, and that it is an exceptional case. We think it is founded on

good reason and good sense, and it ought to be the law, and we prefer to follow it because in the case at bar it does justice. Courts are reluctant to stand upon technicalities, and will not unless they are compelled to do so by the strict letter of the law. As I said, we think this is a case like the one at bar. We think the judgment ought to be affirmed, with costs.