Munson v. German Fire Insurance Company, Appellant.

*Insurance—Fire insurance—Assignment of policy—Consent of company —Proofs of loss.*

Where a vendor of real estate retains title until a balance of purchase money is paid, and the vendee takes out a policy of fire insurance, which with the consent of the insurance company, he assigns to the vendor as collateral security, and a fire occurs after all of the purchase money has been paid, but before a deed has been delivered to the vendee, the insurance company cannot object to proof that the assignment, although absolute on its face, was in fact collateral for the debt, nor can it allege in a suit brought by the vendor on the policy in his own name that the vendor had no insurable interest in the property, and had no right to bring the suit in his own name.

In such a case the vendor holds the policy as trustee for the vendee, and if the vendee does not object, the insurance company cannot object.

Where an insurance company has refused to pay a policy of fire insurance on the sole ground that the plaintiff had no insurable interest, in the property, the insurance company cannot defend on the ground that the plaintiff had failed to furnish supplemental proof of loss on notice from the defendant.

Argued March 5, 1907.   Appeal, No. 8, March T., 1907, by defendant, from judgment of C. P. Lycoming Co., Dec. T., 1905, No. 157, on verdict for plaintiff in case of C. LaRue Munson v. German Fire Insurance Company of Peoria, Illinois.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, HEAD and BEAVER, JJ.   Affirmed.

Assumpsit on a policy of fire insurance. Before HART, P. J.

The facts are stated in the opinion of the Superior Court.

At the trial the court admitted under objection and exception the policy and the assignment [1] and also under objection and exception permitted the plaintiff and George Breon, to testify to the effect that the assignment was collateral for a debt [2, 3].

Defendant presented the following points:

5. There is nothing in this case to show that the plaintiff, C. LaRue Munson, was at any time, from the date of the policy to the time of the fire, "sole and unconditional" owner

of the premises alleged to have been destroyed, and in the absence of such proof there can be no recovery in this case. *Answer:* This point is refused. [5]

6. There is no evidence in the case showing that the plaintiff in this action had such an insurable interest in the premises as will entitle him to a verdict. *Answer:* This point is refused. [6]

7. The proofs of loss furnished to the defendant company by the plaintiff, after the said fire, having been objected to by the said company, and requests having been made by it for specific information and proof concerning and relating to the said property destroyed, it then and there became the duty of the said plaintiff to furnish such information, and his failure to do so is a bar to his recovery in this suit. *Answer:* This point is affirmed, unless the jury should find from the evidence that the defendant company, through its agent, H. M. Kuester, placed its defense or objections to the payment of this policy solely upon the ground that C. LaRue Munson had not an ininsurable interest in the property. [7]

8. It was the duty of the plaintiff in this action to comply with the request of the company after proofs of loss had been furnished to it by the said plaintiff, that he state the interest of himself and George B. Breon in said property at the time of said fire. *Answer:* This point is affirmed, provided you do not find in this case that this provision relating to the proof of loss was waived by the defendant company by placing its defense upon the ground as disclosed in Mr. Kuester's conversation with Mr. Munson and others solely that Mr. Munson had not an insurable interest in the property. [8]

Verdict and judgment for plaintiff for $774. Defendant appealed.

*Errors assigned* were (1–3) rulings on evidence, quoting the bill of exceptions; (5–8) above instructions, quoting them.

*W. E. Ritter,* for appellant.—Mr. Munson had no interest in the property. As the holder of the legal title only he would not be entitled to recover, because the cases uniformly hold that the only one entitled to a recovery is the equitable and not the legal holder of the title: Rathmell v. Aurora Fire

Ins. Co., 38 W. N. C. 356; Millville Mut. Fire Ins. Co. v. Wilgus, 88 Pa. 107; Elliott v. Ins. Co., 117 Pa. 548; Yost v. Ins. Co., 179 Pa. 381; Elliott v. Teutonia Ins. Co., 20 Pa. Superior Ct. 359; Ambrose v. Ins. Co., 19 Superior Ct. 117; Ulysses Elgin Butter Co. v. Ins. Co., 20 Pa. Superior Ct. 384.

If the policy was given originally as collateral security for a debt due Munson by Breon, it certainly could no longer be operative in that particular after the debt was discharged: Ins. Co. v. Roberts, 31 Pa. 438.

*Addison Candor*, of *Candor & Munson*, with him *Seth T. McCormick* and *Haines & Peaslee*, for appellee.— The assignment left Breon still interested in the contract and in the loss; it did not void the policy because Munson had no insurable interest in the property. The following cases fully sustain this contention: Merrill v. Colonial Mut. Fire Ins. Co., 169 Mass. 10 (47 N. E. Repr. 439); Ins. Co. of Penna. v. Phœnix Ins. Co., 71 Pa. 31; Fogg v. Middlesex Mut. Fire Ins. Co., 64 Mass. 337; Phillips v. Merrimack Mut. Fire Ins. Co., 64 Mass. 350.

OPINION BY HENDERSON, J., May 13, 1907:

The policy of insurance on which the pending action was brought was issued to George B. Breon, who was the equitable owner of the property insured. Being indebted to the plaintiff as trustee for unpaid purchase money, the policy was assigned to him about three weeks after it was issued. The assignment was indorsed on the back of the policy and the company, through its agent, assented thereto. The plaintiff's evidence was to the effect that the defendant was informed of the situation of the parties and that the insured desired to protect the plaintiff as a creditor; that the assignment was to be made as collateral security for the plaintiff's debt and that the defendant's agent advised them to make it for that purpose. After the assignment was executed, the policy was delivered to the plaintiff. Payments were made by the insured on the plaintiff's debt from time to time, and at the date of the fire the purchase money was paid in full. The title, however, had not been delivered by the plaintiff to Breon. Defense is now made against the payment of the loss to the

plaintiff because he had no insurable interest in the property; and the right of Breon to recover is denied because he had no insurance. That Breon had an insurable interest at the time the policy was issued is not questioned. The contract expressly permits an assignment with the assent of the insuring company. The title acquired by the plaintiff was in strict accord with the terms of the policy, and is not prohibited by any statute. The policy is not a negotiable instrument, but is assignable in equity. The contract between the original parties survives for the use of the assignee, and by the assignment the insured appoints him to receive the amount payable on the contingency of fire. There is nothing in the nature of the contract which forbids an assignment as collateral security with the consent of the company. The question of interest or estate relates to the issuing of the policy and not to its assignment: Lycoming Ins. Co. v. Mitchell and Boyle, 48 Pa. 367; Merrill v. Colonial Mut. Fire Ins. Co., 169 Mass. 10. In such case the assignment is not of the policy as an insurance, but an equitable transfer of the insured's right to receive the amount payable in case of loss: Ins. Co. of Penna. v. Phœnix Ins. Co., 71 Pa. 31. It has none of the features of a new contract of insurance. All of the conditions of the policy continue, and notwithstanding the payment of his indebtedness by Breon the contract remained in force for his indemnity. The appellant contends that the assignment of the policy is absolute on its face and that the evidence offered is not of the clear, precise and indubitable character necessary to reform a written instrument. There is neither statute nor policy of law which forbids the parties to an assignment from showing that it was intended as a security for the payment of purchase money. Prior to the act of June 8, 1881, P. L. 84, such evidence was admissible even in the case of a conveyance of land. If the plaintiff took the assignment as collateral security and admits the fact and the other party to the assignment concurs therein there is neither law nor reason to prevent them from carrying out such an agreement, although the assignment does not fully express the purpose for which it was made. The insurance company by consenting to the assignment recognized the fitness of the plaintiff to receive it, and it does not lie in its mouth now to deny to the latter the right to carry out the

actual terms of the assignment in good faith. Fraud is not alleged and it is not disputed that a loss occurred as claimed by the plaintiff. The parties to the assignment agree that it was executed merely as collateral security and not for the purpose of transferring the ownership of the policy to the plaintiff, and there is no evidence which contradicts their testimony. It is sufficient to establish the fact, even if it be conceded that the defendant has standing to raise the question. The court was not in error, therefore, in admitting the policy, the assignment and the parol evidence of the conditions and purposes of the assignment.

It is contended, however, that the action cannot be maintained in the name of the plaintiff. This objection is so technical that it ought to be supported by very persuasive reasons. The plaintiff has the legal title to the policy by permission of Breon and with the consent of the company. It was assigned to him to secure his indebtedness. By that assignment he was invested with the right to maintain an action thereon in his own name under the Act of March 14, 1873, P. L. 46. If the debt for which the assignment was made has been paid, the plaintiff holds the policy as trustee for the assignor in whose favor the insurance was taken and whose right to indemnity is not destroyed when the plaintiff's debt is paid. If there had been an absolute assignment of the policy, as in the case of the sale of land and the transfer of the policy of insurance on the buildings thereon to the purchaser, it may be conceded that the rights of the vendor under the policy would cease, but the evidence here shows, as we have seen, that the only object moving the parties to execute and receive the assignment was the securing of the plaintiff's claim. Breon is co-operating with the plaintiff in collecting the claim as the evidence shows, and his interests under the policy are represented by the plaintiff in the action. It is a matter of no concern, therefore, to the defendant, how the plaintiff and Breon dispose of the proceeds of a judgment obtained in the action. We are of the opinion that the right of action in his own name which the plaintiff obtained by virtue of the assignment continues with the consent of Breon, and that on the facts shown a recovery may be had in the name of the plaintiff. This being so, the proofs of loss were properly furnished by the

plaintiff.   The Act of June 27, 1883, P. L. 165, provides that either the assured or an assignee of the policy as collateral security may furnish the company with the notice of loss and preliminary proofs: Stainer v. Royal Ins. Co., 13 Pa. Superior Ct. 25.

The remaining defense relied upon was the omission of the plaintiff to furnish supplemental proofs of loss on notice from the defendant.   The position of the plaintiff on this point was that the company had waived proofs of loss by refusing payment and basing its refusal solely on the ground that the plaintiff had no insurable interest in the property.   The fire occurred April 11, 1905.   The plaintiff made out proofs of loss May 12, 1905.   Soon after the fire Mr. Peaslee, a member of the bar who represented the plaintiff and Mr. Breon, made several demands on Mr. Kuester, the agent of the company, for payment of the claim, and he testifies that as he recollects the conversations the agent declined to pay solely upon the ground that Mr. Munson had no insurable interest in the property.   According to the testimony of the witness some of these conversations, at least, took place before the letter of June 5, 1905, from the company, demanding additional proofs, was received.   The evidence of Mr. Peaslee was not contradicted, and the court submitted the question to the jury whether there had been a waiver of additional proofs by the company.   Under the authorities this question was properly referred to the jury.   A denial of liability on other grounds than the want of additional proofs where the loss was total and notice of the fire was immediately sent to the company is a waiver of technical proofs.   A waiver of proofs of loss required in a policy may be inferred from any act of the insurer evincing a denial of obligation exclusively for other reasons: Roe v. Dwelling House Ins. Co., 149 Pa. 94 and cases there cited.   The policy was assigned in good faith under the direction of the agent, the loss is not denied and we find no substantial merit in the defense set up.

The assignments are, therefore, overruled and the judgment affirmed.