Mortgage Guarantee & Title Company vs. Frank B. Mason et al. }Eq.No.7650

March 16, 1926.

TANNER, P. J. This is a bill in equity brought to reform a title guarantee policy. The policy was issued to the Radding Construction Company as mortgagee of Edward Radding. The policy covered a loss not exceeding $70,000. The bill is brought to reform said policy so that it shall provide that said Title Company will not indemnify the insured named in said policy from any loss or damage which the insured shall sustain by reason of a mortgage to Kenyon B. Ely being prior to the mortgage to said Construction Company, if said priority exists by reason of the provisions of a certain agreement marked Exhibit A.

Said Radding Construction Company, after the issuance of said policy, assigned this mortgage and the said title guarantee policy to one Frank B. Mason as collateral security for a note for $45,000, and said assignment of said policy was assented to by the complainant.

The case is heard upon the demurrer of the respondent Mason on the theory that the assignment of said policy to him with the assent of the complainant amounts to a novation and a new contract between him and the insurance company, because of which he is not subject to any defences on the part of the Radding Construction Company.

If this were the case of an absolute alienation of the property which is the subject of the policy and also an absolute assignment of the policy, we should say that the respondent's contention is according to the great weight of authorities, although there is an earlier decision in this state which may be held contrary to this rule. We think, however, that in a case like that stated by the bill, where the subject of the policy and the policy itself was assigned merely as collateral security, that a different rule prevails.

"If the original insured retains an interest in the property, he may assign the policy with the intention of making the loss following the destruction of that interest payable to another. Manifestly such a transaction is entirely different from an assignment of the policy as such with the intention of covering the interest of the assignee. * * * The cases illustrating this rule have usually been based on the transfer of the policy as collateral security by the debt directly secured by the property covered."

2nd Briefs on Insurance, Cooley, pages 1064, 1065, and cases cited.

"Since the decision in Buffalo Steam

Engine Works vs. Sun Mutual Ins. Co., 17 N. Y. 401, the rule must be regarded as settled in New York that an assignment to a mortgagee confers on him only such rights as the insured may have."

2nd Briefs on Insurance, Cooley, page 1535.

" * * * and in the absence of any stipulation in the policy or any regulation of the insurer by which the insured or his assignee may be bound, if the original assured remains such, and does not terminate his own contract with the company, his assignee may collect any sum which may become payable by the insurer by process in the assignee's own name if the insurer has assented to the assignment, and otherwise in the name of the assured. * * * Of course, if the assured parts with his whole interest in the contract by an absolute assignment of it to another, so that thereafter the indemnity which the policy promises can not inure to his benefit, he can not recover for a loss, and if in such a case his assignee has no insurable interest in the property, the insurance would be void. But the assignment in the present case being in fact not absolute, but merely as collateral security, Barlow did not part with his interest in the policy or sever his relation to the company, but remained the real owner of the company's promise of indemnity in case of loss by fire."

Merrill vs. Colonial Mut. Fire Ins. Co., 169 Mass. 13, 14.

The fact that in this last named case the assignee of the policy was not the assignee of the property insured makes no difference. The cases show that where the property insured is mortgaged and a policy is assigned to the mortgagee, the mortgagor still retains his interest in the property and the policy does not become a new contract with the mortgagee. If the mortgagee wishes a separate contract of insurance he should either make his own separate contract of insurance or see that the original policy of insurance contains contract directly with himself as well as the mortgagor.

Smith vs. Union Insurance Co., 25 R. I. 260.

The principles of novation relied upon by the defendant require usually that all parties shall assent to the transfer of an obligation or the making of a new contract. This assent, of course, may be inferred, but it can hardly be inferred that where a mortgagor simply pledges his property and assigns his policies to the mortgagee that he intends to part with his title or do anything more than pledge it as a security. It is, therefore, inconsistent with a novation, which requires not only the transfer of an obligation but the release of one. It is only reasonable to suppose that the mortgagor intends to retain his title and have it discharged of the pledge if he is able to pay his obligation.

The demurrer is therefore overruled.

For complainant: Comstock & Canning.

For respondents: Sherwood, Heltzen & Clifford, Hinckley, Allen, Tillinghast & Phillips.